T.C. Summary Opinion 2021-41

UNITED STATES TAX COURT

NOWRAN GOPI, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20779-17S.                          Filed December 2, 2021.

Joseph W. Pinto, Jr., for petitioner.

Francesca Chou, for respondent.

SUMMARY OPINION

PANUTHOS, Special Trial Judge:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code (Code) in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $6,453 in Federal income tax and a section 6662(a) accuracy-related penalty of $1,291 for petitioner's taxable year 2015 (year in issue).  After concessions,[2] the issues for decision are whether petitioner is entitled to:  (1) dependency exemption deductions for two of his grandchildren; (2) head of household filing status; (3) the additional child tax credit; and (4) the earned income tax credit (EIC).

Background

Some of the facts have been stipulated and are so found.  We incorporate the stipulation of facts and the attached exhibits by this reference.  The record consists of the stipulation of facts with attached exhibits, exhibits introduced at trial, and petitioner's testimony.  Petitioner resided in New York when the petition was timely filed.

---

[1]Unless otherwise indicated, all section references are to the Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.  All dollar amounts are rounded to the nearest dollar.

[2]Respondent concedes that petitioner is not liable for an accuracy-related penalty under sec. 6662(a) for the year in issue.

I.      Petitioner's Residence and Family

Petitioner resided in Schenectady, New York, during the year in issue. Petitioner is a widower and father to Lata Kapoor. In March 2015 Ms. Kapoor and her minor child I.M.E. moved from Chicago, Illinois, to Schenectady to live with petitioner.[3] Ms. Kapoor moved into her father's home because of domestic problems with her spouse, Pedro Escamilla. Although Ms. Kapoor had been married to Mr. Escamilla since April 2014, petitioner was unaware of their marriage. During a two-week period in fall 2015, Ms. Kapoor traveled to Chicago and gave birth to her second child, P.A.E., before returning to petitioner's home where she continued to reside for the remainder of the year.

During his daughter's stay in his home, petitioner paid all rent and utilities. Petitioner also purchased clothes for his daughter and her children and provided cellular telephone and cable television service. Ms. Kapoor received Supplemental Nutrition Assistance Program benefits from March to September 2015, and Women, Infants, and Children benefits during November and December 2015.

---

[3]It is the policy of this Court not to identify minor children. We refer to them by their initials. See Rule 27(a)(3).

II.     Petitioner and His Daughter's 2015 Tax Returns

Petitioner timely filed his 2015 Form 1040, U.S. Individual Income Tax Return, claiming:  (1) dependency exemption deductions for his grandchildren I.M.E. and P.A.E., (2) head of household filing status, (3) the additional child tax credit for I.M.E. and P.A.E., and (4) the EIC.  Petitioner reported adjusted gross income of $11,679.  In April 2017 petitioner reported an additional $5,100 of self-employment income and claimed an additional EIC and child tax credit for the year in issue on Form 1040X, Amended U.S. Individual Income Tax Return.  Along with other adjustments, the additional income resulted in an adjusted gross income of $15,545 as reported on petitioner's 2015 Form 1040X.

In April 2016 Ms. Kapoor and her spouse jointly filed a 2015 Form 1040. The couple claimed their children, I.M.E. and P.A.E., as dependents for purposes of dependency exemption deductions, the additional child tax credit, and the EIC.

III.    Notice of Deficiency

Respondent selected petitioner's 2015 tax return for examination.  On August 1, 2017, respondent issued a notice of deficiency to petitioner for the year in issue.  In the notice respondent disallowed the dependency exemption deductions for I.M.E. and P.A.E., head of household filing status, the additional child tax credit, and the EIC.

## Discussion

I.     Burden of Proof

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct. Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions are a matter of legislative grace, and a taxpayer bears the burden of proving that he is entitled to any deduction claimed. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

Rule 142(a)(1) sets forth the general rule that the burden of proof shall be on the taxpayer, except as otherwise provided by statute or determined by the Court, and except that the burden of proof shall be upon the Commissioner in respect of any new matter, increases in deficiency, and affirmative defenses. Rolfs v. Commissioner, 135 T.C. 471, 482 (2010), aff'd, 668 F.3d 888 (7th Cir. 2012). Section 7491(a)(1) provides an exception that shifts the burden of proof to the Commissioner as to any factual issue relevant to a taxpayer's liability for tax if (1) the taxpayer introduces credible evidence with respect to such issue, sec. 7491(a)(1), and (2) the taxpayer satisfies certain other conditions, including substantiation of any item and cooperation with the Government's requests for witnesses and information, sec. 7491(a)(2); see also Rule 142(a)(2).

Petitioner contends that he has satisfied the requirements of section 7491(a) and therefore the burden of proof as to all factual issues affecting the deficiency in tax for the year in issue should shift to respondent.[4]

Section 7491(a) requires petitioner to introduce credible evidence with respect to each issue for which he seeks to shift the burden of proof. See Higbee v. Commissioner, 116 T.C. 438, 442-443 (2001). Whether petitioner's daughter and her husband filed a valid 2015 Form 1040 is a factual issue relevant to whether petitioner is entitled to the deductions and filing status that he claimed for the year in issue. We have found on the basis of a copy of the 2015 Form 1040 and the related IRS account transcript, which are a part of this record, that a joint tax return was filed by Ms. Kapoor and her husband for the year in issue. Petitioner has neither claimed nor produced any evidence that either his daughter's marriage or her joint 2015 Form 1040 is invalid. Given that these facts are clearly established, the burden of proof does not play any role in this case.

---

[4]In the alternative petitioner asserts that respondent bears the burden of proof in this matter because respondent's determination was based upon the production of a 2015 joint tax return filed by petitioner's daughter and her husband. Petitioner claims that the production of said tax return constitutes an affirmative defense under Rules 39 and 142(a). Rule 39 describes the pleading of special matters. The introduction into evidence of Ms. Kapoor and Mr. Escamilla's 2015 joint tax return is not a special matter and does not constitute an affirmative defense.

II.    Dependency Exemption Deductions

Section 151(a) and (c) allows taxpayers an annual exemption deduction for each "dependent" as defined in section 152.  As relevant here section 152(a) defines a "dependent" to mean a "qualifying child" of the taxpayer.

Petitioner contends that I.M.E. and P.A.E. are his qualifying children.  To be a qualifying child of the taxpayer for a taxable year, an individual must:  (A) bear a specified relationship to the taxpayer; (B) have the same principal place of abode as the taxpayer for more than one-half of the taxable year; (C) meet certain age requirements; (D) not have provided more than one-half of his or her own support for the year; and (E) if married, not have filed a joint return (other than only for a claim of refund) with his or her spouse.  Sec. 152(c)(1).

If multiple individuals claim the same qualifying child on their tax returns, the tie-breaker rule under section 152(c)(4) determines which individual is entitled to claim the "qualifying child" as a dependent.  Sec. 152(c)(4)(A).  Specifically, section 152(c)(4)(A)(i) provides:  "[I]f * * * an individual may be claimed as a qualifying child by 2 or more taxpayers for a taxable year beginning in the same calendar year, such individual shall be treated as the qualifying child of the taxpayer who is * * * a parent of the individual".

I.M.E. and P.A.E. satisfy the requirements to be claimed as qualifying children under section 152(c)(1) by each of petitioner and Ms. Kapoor for the year in issue: (1) they are petitioner's grandchildren and Ms. Kapoor's children; (2) they had the same principal place of abode as both petitioner and Ms. Kapoor for more than one-half the year;[5] (3) they were minors during that year; (4) they did not provide more than one-half of their own support during that year; and (5) neither of the children was married or filed a joint return for that year. See sec. 152(c)(1).

Since petitioner and Ms. Kapoor each claimed I.M.E. and P.A.E. as dependents on their tax returns, the tie-breaker rule in section 152(c)(4)(A)(i) determines that the children shall be treated as the qualifying children of the taxpayer who is their parent. Therefore, I.M.E. and P.A.E. were the qualifying children of Ms. Kapoor for the year in issue.

Because neither P.A.E. nor I.M.E. may be considered the "qualifying child" of petitioner, he is not entitled to claim them as dependents.[6] Therefore, petitioner

---

[5]P.A.E. was born in fall 2015 and lived with petitioner and Ms. Kapoor for the remainder of the year.

[6]If an individual claimed on a taxpayer's tax return as a dependent fails to meet the definition of a "qualifying child" under sec. 152(c), that individual might nevertheless be claimed under sec. 152(d) as a "qualifying relative" if certain

is not entitled to claim dependency exemption deductions for the taxable year 2015.

III.    Head of Household Filing Status

Section 1(b) provides an advantageous tax rate schedule for a taxpayer who qualifies as a "head of household".  Section 2(b)(1) defines a head of household, as relevant to the instant case, as an individual who:  (1) is unmarried as of the close of the taxable year and is not a surviving spouse, and (2) maintains as his home a household that constitutes for more than one-half of the taxable year the principal place of abode, as a member of such household, of (a) a qualifying child of the individual (as defined in section 152(c), determined without regard to section 152(e)), or (b) any other person who is a dependent of the taxpayer, if the taxpayer is entitled to a deduction for the taxable year for such person under section 151. See Rowe v. Commissioner, 128 T.C. 13, 16-17 (2007).

Petitioner claimed head of household status for the year in issue on the ground that he maintained a household for his grandchildren, each of whom he claimed as a "qualifying child".  As discussed above, neither I.M.E. nor P.A.E.

---

conditions are met.  For a taxpayer to claim a dependency exemption deduction for a qualifying relative, the claimed individual cannot be the qualifying child of the taxpayer or any other taxpayer for the taxable year.  Sec. 152(d)(1)(D).  As Ms. Kapoor was entitled to and did claim each of her children as a "qualifying child", neither of the children may be claimed by petitioner as a "qualifying relative".

may be claimed as the "qualifying child" of petitioner under section 152(c), nor has petitioner made the case that he otherwise qualifies for deductions for them as dependents under section 151(c).  Therefore, petitioner is not entitled to claim head of household filing status for the taxable year 2015.

IV.    Child Tax Credit

A taxpayer is entitled to claim a child tax credit for each "qualifying child", as defined in section 152(c), who has not attained age 17 during the taxable year. Sec. 24(a).  A portion of the credit--commonly referred to as the additional child tax credit--is refundable to the taxpayer.  Sec. 24(d).  As previously discussed, petitioner may not claim I.M.E. and P.A.E. as his qualifying children for purposes of section 152(c).  Thus, petitioner is not entitled to claim the additional child tax credit for the year in issue.

V.    Earned Income Tax Credit

An eligible individual is entitled to a credit against his Federal income tax liability, calculated as a percentage of his earned income, subject to certain limitations.  Sec. 32(a)(1); Rowe v. Commissioner, 128 T.C. at 15.  Different percentages and amounts are used to calculate the EIC, depending on whether the eligible individual has no qualifying children, one qualifying child, or two or more qualifying children.  Sec. 32(b); Rowe v. Commissioner, 128 T.C. at 15.  The

definition of "qualifying child" for purposes of section 32 is the same definition as provided in section 152(c). Sec. 32(c)(3)(A). We concluded supra that I.M.E. and P.A.E. are not petitioner's qualifying children for purposes of section 152(c). Therefore, petitioner is not entitled to the EIC with two qualifying children as claimed on his return for the year in issue.[7]

## VI. Conclusion

We conclude that petitioner was not aware that his daughter filed a joint tax return with her spouse for 2015. The test of eligibility, however, is not contingent upon petitioner's knowledge of his daughter's marital or filing status but rather whether petitioner satisfies the applicable provisions of the Code. To that end, we have concluded that petitioner is not eligible for the claimed deductions and credits. We need not decide whether petitioner's lack of knowledge of his

---

[7]Individuals without qualifying children may be eligible for the EIC if their earned income is no greater than the phaseout amount the Code permits. Rev. Proc. 2014-61, sec. 3.06, 2014-47 I.R.B. 860, 863, lists the amounts used to determine the EIC for 2015 under sec. 32(b). The revenue procedure lists the completed phaseout amount as $14,820 for an individual with no qualifying children. Id. The "completed phaseout amount" is the amount of adjusted gross income (or, if greater, earned income) at or above which no credit is allowed. Id. As reported on his amended tax return, petitioner's adjusted gross income and earned income both exceeded the phaseout amount of $14,820 for 2015. Accordingly, he is ineligible to claim the EIC under sec. 32(c)(1)(A)(ii) as an individual without a qualifying child for the year in issue.

daughter's marriage or joint tax return filing plays a role in the penalty determination, because respondent has conceded the section 6662(a) penalty.

For the reasons discussed herein, petitioner is not entitled to the claimed dependency exemption deductions, credits, or head of household filing status. Respondent's determination for the year in issue is therefore sustained.  We have considered all of the parties' arguments, and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.  To reflect the foregoing,

Decision will be entered for respondent as to the deficiency and for petitioner as to the accuracy-related penalty under section 6662(a).